IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

CASEY MATTHEW KULA,

    Petitioner,

vs.

STATE OF IOWA,[1]

    Respondent.

No. C06-0092-LRR

INITIAL REVIEW ORDER

This matter is before the court on the petitioner's application for a writ of habeas corpus. The petitioner submitted such application on July 5, 2006. The petitioner submitted the statutory $5.00 filing fee. *See* 28 U.S.C. § 1914(a) (requiring $5.00 filing fee). For the following reasons, the petitioner's application for a writ of habeas corpus shall be dismissed without prejudice.

Currently on probation, the petitioner brings this action under 28 U.S.C. § 2254 to challenge the legality of his conviction and resulting sentence. In the Iowa District Court

---

[1] The court notes that the petitioner brings this action against the "State of Iowa." 28 U.S.C. § 2243 makes clear that the proper respondent in a federal habeas corpus action is "the person having custody of the person detained." *See also* 28 U.S.C. § 2242 (stating application shall allege the name of the person who has custody over him); *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 494-95, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973) ("The writ of habeas corpus does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody."). Thus, the petitioner improperly named the "State of Iowa" as the respondent.

in and for Jones County, a jury found the petitioner guilty of driving while barred, in violation of Iowa Code section 321.561. *See State v. Kula*, No. AGCR003806 (Jones County Dist. Ct. 200_).[2] The Iowa District Court in and for Jones County has not yet sentenced the petitioner. *Id*.

On July 6, 2006, the petitioner filed the instant application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In such application, the petitioner asserts that his constitutional rights were denied because his conviction is based on perjured testimony, the prosecuting attorney threatened a key witness and counsel provided ineffective assistance. The petitioner also makes clear that he did not file a direct appeal or a post-conviction relief application.

Rule 4 of the Rules Governing Section 2254 Cases provides that the court shall conduct an initial review of the application for habeas corpus and summarily dismiss it, order a response, or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application and its exhibits that the petitioner is not entitled to relief. *See id*.; 28 U.S.C. § 2243; *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). For the reasons set forth below, summary dismissal is appropriate in this case.

A petitioner, before obtaining federal habeas corpus review of his or her state confinement, must first "exhaust" his or her federal claims in the appropriate state forum.

---

[2] Iowa state court criminal and civil records may be accessed at the following address: www.judicial.state.ia.us/online_records/. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).

28 U.S.C. § 2254(b)(1).[3] A petitioner has exhausted his or her state remedies when he or she has provided the highest state court with a full and fair opportunity to consider all the claims before presenting them to the federal court. *Vasquez v. Hillery*, 474 U.S. 254, 257, 106 S. Ct. 617, 88 L. Ed. 2d 598 (1986); *Anderson v. Harless*, 459 U.S. 4, 6, 103 S. Ct. 276, 74 L. Ed. 2d 3 (1982); *Picard v. Connor*, 404 U.S. 270, 276, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); *Miller v. Lock*, 108 F.3d 868, 871 (8th Cir. 1997); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993); *McDougald v. Lockhart*, 942 F.2d 508, 510 (8th Cir. 1991) *see also* 28 U.S.C. § 2254(c).[4] In Iowa, exhaustion requires a petitioner to seek discretionary review from the Iowa Supreme Court after the Iowa Court of Appeals rejects an appeal argument. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845-48, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999) (abrogating *Dolny v. Erickson*, 32 F.3d 381 (8th Cir. 1994)).

The fair presentment component of the exhaustion requirement compels a petitioner to affirmatively:

---

[3] 28 U.S.C. § 2254(b)(1) provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
> (A) the applicant has exhausted the remedies available in the courts of the State, or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

[4] 28 U.S.C. § 2254(c) provides:

> An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

> refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue.

*Ashker*, 5 F.3d at 1179 (quotations and citations omitted); *accord Thomas v. Wyrick*, 622 F.2d 411, 413 (8th Cir. 1980). A claim is not fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas corpus application have been properly raised in the prisoner's state court proceedings. *Keithley v. Hopkins*, 43 F.3d 1216, 1217 (8th Cir. 1995); *Flieger v. Delo*, 16 F.3d 878, 884 (8th Cir. 1994); *see also Keeney v. Tamayo-Reyes*, 504 U.S. 1, 8, 112 S. Ct. 1715, 118 L. Ed. 2d 318 (1992) (full and fair presentment of claims to the state court requires "full factual development" of the claims in that forum); *Barrett v. Acevedo*, 169 F.3d 1155, 1162 (8th Cir. 1999) ("Presenting a claim that is merely similar to the federal habeas claim is not sufficient to satisfy the fairly presented requirement.").

"The purpose of the fair presentation component of the exhaustion requirement is to give state courts the first opportunity to review federal constitutional issues and to correct federal errors made by the state's trial courts." *Laws v. Armontrout*, 834 F.2d 1401, 1412 (8th Cir. 1987); *see also Duncan v. Henry*, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam) (same). If a petitioner has not fully presented his or her federal claims in state court, the claims are barred in federal court and must be dismissed, unless the petitioner can either show both good cause for his or her failure to present the claims in state court and actual prejudice as a result of the alleged constitutional violation or demonstrate that failure to review the claim would result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S. Ct. 2546, 115 L. Ed. 2d 640 (1991); *Keithley*, 43 F.3d at 1218; *Maynard v. Lockhart*, 981 F.2d 981, 984 (8th Cir. 1992); *Buckley v. Lockhart*, 892 F.2d 715, 718 (8th Cir. 1989).

4

Here, the petitioner is attempting to challenge his driving while barred conviction. The petitioner, however, acknowledges that he has not been sentenced and that he has not filed a direct appeal or a post-conviction relief application, that is, the petitioner admits that he has not exhausted his state court remedies. From online records, it is clear that the petitioner has not been sentenced and several hearings are still pending. Consequently, no direct appeal has been filed on the petitioner's behalf. Based on the petitioner's statements and the online records, the court finds that the petitioner failed to adequately present his claims to the state courts as he is required to do if he seeks habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1)(A); *Carmichael v. White*, 163 F.3d 1044, 1045-46 (8th Cir. 1998). Further, the petitioner does not state in his application for a writ of habeas corpus that anything is preventing him from pursuing a direct appeal or post-conviction relief pursuant to chapter 822 of the Iowa Code. *See* Iowa Code section 822.1, et al. (providing for post-conviction relief). Therefore, the court finds the petitioner failed to show good cause for any failure to present his claims to the highest state court and actual prejudice as a result of the alleged constitutional violation or a potential for the fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750; *Keithley*, 43 F.3d at 1218; *Maynard*, 981 F.2d at 984; *Buckley*, 892 F.2d at 718. Because it is clear 28 U.S.C. § 2254(b) bars the petitioner's action, it is appropriate to summarily dismiss the application for a writ of habeas corpus under Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS THEREFORE ORDERED**:

The petitioner's 28 U.S.C. § 2254 application is dismissed without prejudice.

**DATED** this 25th day of July, 2006.

                                                 LINDA R. READE
                                                 JUDGE, U. S. DISTRICT COURT
                                                 NORTHERN DISTRICT OF IOWA